# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELEANOR ALK, on behalf of herself and all others similarly situated, | Civil Case Number: _____ |
| Plaintiff(s), | **CIVIL ACTION** |
| -against- | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| COHN & DUSSI, LLC; and LARRY STRAUSS, and JOHN DOES 1-25, | |
| Defendant(s). | |

Plaintiff, ELEANOR ALK, on behalf of herself and all others similarly situated (hereinafter "Plaintiff") by and through her undersigned attorney, alleges against the above-named Defendants, COHN & DUSSI, LLC ("COHN") and LARRY STRAUSS ("STRAUSS") JOHN DOES 1-25 their employees, agents, and successors (collectively "Defendants") the following:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

2. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress

enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. §1692(a)-(e).

4. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be Judged from the standpoint of the "least sophisticated consumer" Clomon v. Jackson, 988 F.2d 1314 (2d Ctr. 1993).

5. To prohibit deceptive practices, the FDCPA, at 1 5 U S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection practices and names a non-exhaustive list of certain per se violations of false and deceptive collection conduct. 15 U.S.C. §§ I692e(1)-(16) Among these per se violations prohibited by that section are: false representations concerning the character, amount, or legal status of any debt, I5 U.SC. § 1692e(2)(A); false representation concerning any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt, 1 5 U S. C. §1692e(2)(B); threatening to take any action that cannot be legally taken or that is not intended to be taken, 15 U.S.C. §1692e(5): and the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § l692e(l 0).

6. The Plaintiff, on behalf of himself and all others similarly situated, seeks statutory damages, actual damages, punitive damages, injunctive relief, declaratory relief, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA, and all other applicable common law or statutory regimes

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

8. Venue is proper in this district under 28 U.S.C. §1391(b) because jurisdiction is not founded solely on diversity of citizenship and one of the Plaintiffs resides in this jurisdiction.

## DEFINITIONS

9. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

10. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

11. Plaintiff is a natural person and a resident of the County of Kings, State of New York, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

12. COHN is a foreign law firm operating as a limited liability company with its principal place of business at 500 West Cummings Park, Suite 2350, Woburn, MA 01801.

13. STRAUSS is a natural person employed by COHN as the pre-litigation manager.

14. Upon information and belief, COHN is a company that uses the mail, emails, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

15. COHN is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

16. STRAUSS is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6)

17. John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

18. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all New York

consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

      19.    This Action is properly maintained as a class action. The Class is initially defined as:

- All New York consumers who were sent emails, letters/notices and/or received telephone calls from COHN and or STRAUSS, concerning a debt owed to Sunrise Senior Living at Fleetwood, which contained at least one of the alleged violations of 15 U.S.C. § 1692 *et seq.* herein.
- The class definition may be subsequently modified or refined. The Class period begins one year to the filing of this Action
- The Class period begins one year to the filing of this Action.

      20.    The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letter, notices, emails; telephone calls from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter, notice, email; and telephone call that is sent to hundreds of persons (*See* **Exhibit A** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether the defendants violated various provisions of the FDCPA including but not limited to:

    15 U.S.C. §§ 1692e; 1692e(2)(A);1692e(3); 1692e(5); 1692e(10) *et seq.*; and 1692g *et seq.*

    b. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendants' conduct is allowed to proceed without remedy, they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

21. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

22. On or before August 18, 2016, Jonathan Alk allegedly incurred a financial obligation to Sunrise Senior Living at Fleetwood ("SUNRISE").

23. Jonathan Alk died prior to August 18, 2016.

24. Plaintiff is the daughter of Jonathan Alk.

25. The SUNRISE obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

26. Plaintiff was not a signer on the SUNRISE obligation.

27. Plaintiff was not a guarantor on the SUNRISE obligation.

28. The SUNRISE obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

29. SUNRISE is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

30. At some time prior to August 16, 2016, the SUNRISE obligation was placed with COHN for the purpose of collection.

31. At the time the SUNRISE obligation was placed with COHN, the balance was past due.

32. At the time the SUNRISE obligation was placed with COHN, the balance was in default.

33. On or about August 16, 2016, at or about 3:07 PM, COHN caused to be delivered to Plaintiff an email addressed to Plaintiff. **Exhibit A.**

34. The August 18, 2016 email was sent by STRAUSS.

35. The August 18, 2016 email was sent to Plaintiff in connection with the collection of the SUNRISE obligation.

36. The August 18, 2016 email is a "communication" as defined by 15 U.S.C. §1692a(2).

37. Upon receipt, Plaintiff read the August 16, 2016 email.

38. The August 18, 2016 email stated in the subject line:

Sunrise Senior Living Fleetwood v. Nancy Madden and Eleanor ALK Powers of attorneys for Jonathan Alk Bal: $7397.36.

39. The August 16, 2016 email further stated:

> Dear Eleanor and Nancy:
>
> This office has been retained to file suit on the above matter. My Client provided service to Jonathan and they want to be paid. I would like to work this out without the court. Please discuss between yourselves and call me by Thursday August 25th. If I don't hear from someone prior to this date, we shall proceed with the lawsuit. Thank you.

- 7 -

>Larry Strauss
>Pre-Litigation Manager
>617-921-4697
>
>Cohn & Dussi LLC
>500 West Cummings Park, Suite 2350
>Woburn, Ma 01801
>Attorneys-at-Law
>lstrauss@cohnanddussi.com

40. Larry Strauss is not an attorney and not licensed to practice law in New York.

41. The August 18, 2016 email did not contain the Validation Notice pursuant to 15 U.S.C. §1692 g(a) *et seq.*,

42. The August 18, 2016 email did not disclose the COHN was debt collector.

43. The August 18, 2016 email did not disclose the COHN was attempting to collect a debt and that any information would be used for that purpose.

44. On August 19, 2016, Plaintiff through her undersigned attorney sent a written dispute of the SUNRISE obligation to COHN and STRAUSS. A copy of said dispute is annexed hereto as **Exhibit B**.

45. On August 18, 2016, STRAUSS acknowledged receipt of the dispute via email to the undersigned attorney.

46. At the time the August 18, 2016 email was sent to Plaintiff, no lawsuit had been commenced against Plaintiff.

47. COHN is not licensed to practice law in the New York.

48. No attorney employed at COHN was licensed to practice in New York on August 18, 2016.

49. No attorney employed at COHN was licensed to practice law in New York within the period beginning on the day one year prior to the date this complaint is filed to the present.

50. COHN and STRAUSS send the August 18, 2016 email to confuse the least sophisticated consumer as to whether Defendant was meaningfully involved in the matter as an attorney and if so, to what degree of involvement.

51. COHN and STRAUSS send the August 18, 2016 email to mislead Plaintiff into believing that a lawsuit had already commenced against her.

52. COHN and STRAUSS send the August 18, 2016 email to mislead Plaintiff into believing that a lawsuit had already commenced against her by send an email in which the subject line a fictitious lawsuit caption: "Sunrise Senior Fleetwood vs. Nancy Madden and Eleanor Alk Powers of Attorneys for Jonathan Alk Bal:$7397.36".

53. The August 18, 2016 was further misleading as the body of the email states:

> This office has been retained to file suit on the above matter. My Client provided service to Jonathan and they want to be paid. I would like to work this out without the court. Please discuss between yourselves and call me by Thursday August 25th. If I don't hear from someone prior to this date, we shall proceed with the lawsuit. Thank you.

54. COHN and STRAUSS knew or should have known that Plaintiff did not provide a personal guarantee of the alleged obligation of Jonathan Alk. See **Exhibit B**.

55. At all times Plaintiff believed that if payment was not made, then legal action could and in fact, would continue against her.

56. Plaintiff suffered and nervousness, anxiety, tension, stress, fear and alarm as a result of Defendants' actions.

57. Plaintiff believes and therefore avers that Defendants failed to make clear to Plaintiff that it has no authority to take legal action in New York.

58. COHN and STRAUSS' conduct is unfair and/or unconscionable because consumers believe that an attorney either are or will be involved in collection of the alleged debt.

59. Defendants failed to inform Plaintiff in the initial collection letter that if Plaintiff notified Defendant in writing within thirty days of receipt of the August 18, 2016 email, that the debt or any portion thereof, is disputed, that Defendant would obtain verification of the debt and mail it to Plaintiff.

60. As a result of Defendants' actions, Plaintiff was forced to retain legal counsel to protect her interests in fear that a lawsuit was commenced against her or was about to commence.

## POLICIES AND PRACTICES COMPLAINED OF

61. It is Defendants' policy and practice to send collection communications, in the forms annexed hereto as **Exhibit A** which violate the FDCPA, by *inter alia*:

   (a) Using false representations regarding the legal status of a debt;

   (b) Threatening to take any action that cannot legally be taken or that is not intended to be taken;

   (c) Using false representations or deceptive means to collect or attempt to collect any debt;

   (d) Using unfair or unconscionable means to collect or attempt to collect any debt.

   (e) Depriving consumers of their right to receive the necessary and accurate information as required by 15 U.S.C. §1692g *et seq.*, ; and 15 U.S.C. §1692e(11), and 15 U.S.C. §1692e(2)(A).

   (f) Causing consumers to suffer a risk of economic injury.

62. On information and belief, Defendants sent communications, in the form annexed hereto as **Exhibit A** to at least 50 natural persons in the State of New York.

## COUNT I

**FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692
VIOLATION OF 15 U.S.C. §1692 *et seq.***

63. Plaintiff repeats the allegations contained in paragraphs 1 through 63 as if the same were set forth at length.

64. Collection communications such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

65. Section 1692e(2)(A) states in relevant part that it is a violation of the FDCPA to falsely represent the amount of any debt.

66. Defendants' August 18, 2016 email violated Section 1692e(2)(A) by falsely representing that the legal status of the Sunrise obligation. *See* **Exhibit A**.

67. The least sophisticated consumer upon reading the August 18, 2016 communication will be lead to believe that the alleged debt is of such a status that she is legally liable.

68. The least sophisticated consumer upon reading the August 18, 2016 communication will be lead to believe that a lawsuit has already been filed against her, " Sunrise Senior Living Fleetwood v. Nancy Madden and Eleanor ALK Powers of attorneys for Jonathan Alk Bal: $7397.36".

69. STRAUSS intentionally chose specific words and terms to use in the August 18, 2016, in order to give the impression that such communication was in fact from an attorney:

> ➢ This office has been to *retained* to file a suit on the above matter.
>
> ➢ *My* Client....
>
> ➢ If *I* don't hear form someone prior to this date, we shall proceed with the lawsuit. [emphasis added].

70. The least sophisticated consumer upon reading the August 18, 2016 communication will be lead to believe that STRAUSS is an attorney and as such that the communication is from an attorney.

71. 15 U.S.C. 1692e(5) states in relevant part that it is a violation of the FDCPA to threaten to take any action that cannot legally be taken or that is not intended to be taken.

72. Defendants' August 18, 2016 communication to Plaintiff violated Section 1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken.

73. As of August 16, 2016, neither COHN nor STRAUSS were authorized to practice law in the state of New York.

74. Neither COHN or STRAUSS had the intention of commencing a lawsuit against Plaintiff.

75. Section 1692e(10) states in relevant part that it is a violation of the FDCPA to "...use any false representation or deceptive means to collect or attempt to collect any debt..."

76. Section 1692g(a)(3),(4), (5) of the FDCPA requires the debt collector to:

> Within five days after the initial communication with a consumer in connection with the collection of any debt… send the consumer a written notice containing ---
>
> (3)   a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector ---
>
> (4)   a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5)   a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

77. The August 16, 2016 communication from Defendants to Plaintiff did not include the required validation notices pursuant to 15 U.S.C. §1692(a)(3),(4),(5).

78. The least sophisticated consumer upon reading the August 16, 2016 communication would be unsure of what she must do in order to effectively dispute the alleged debt.

79. The least sophisticated consumer upon reading the August 16, 2016 communication would be uninformed as to her statutory rights pursuant to 15 U.S.C. §1692(a)(3),(4),(5).

80. Defendants violated 15 U.S.C. §1692(a)(3),(4),(5) by failing to provide the required notices.

81. By failing to provide the required notices pursuant to 15 U.S.C. §1692(a)(3),(4),(5) Defendants violated 15 U.S.C. §1692e(10) by using deceptive means to collect the alleged debt.

82. 15 U.S.C. 1692e(11) states in relevant part that it is a violation of the FDCPA for a debt collector to fail to disclose in the initial communication that the debt collector is attempting to collect a debt.

83. 15 U.S.C. 1692e(11) states in relevant part that it is a violation of the FDCPA for a debt collector to fail to disclose in the initial and all subsequent communications that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose.

84. The August 16, 2016 communication failed to provide the required disclosures pursuant to 15 U.S.C. 1692e(11).

85. Plaintiff has an interest in receiving true, correct and accurate information regarding the alleged debt.

86. Plaintiff has an interest in avoiding the risk of economic injury due to Defendants' obtaining a money judgment against her.

87. Plaintiff suffered an informational injury due to Defendants' violation of Section 1692e(2)(A) of the FDCPA in connection with its communication of August 18, 2016 to Plaintiff.

88. Plaintiff suffered a risk of economic injury due to Defendants' violation of Section 1692e(2)(A) of the FDCPA in connection with its communications to Plaintiff.

89. Plaintiff suffered an informational injury due to Defendants' violation of Section 1692e(5) of the FDCPA in connection with its communication of August 18, 2016 to Plaintiff.

90. Plaintiff suffered a risk of economic injury due to Defendants' violation of Section 1692e(5) of the FDCPA in connection with its communications to Plaintiff.

91. Plaintiff suffered an informational injury due to Defendants' violation of Section 1692e(10) of the FDCPA in connection with its communication of August 18, 2016 to Plaintiff.

92. Plaintiff suffered a risk of economic injury due to Defendants' violation of Section 1692e(10) of the FDCPA in connection with its communications to Plaintiff.

93. Plaintiff suffered an informational injury due to Defendants' violation of 15 U.S.C. §1692(a)(3),(4),(5) of the FDCPA in connection with its communication of August 18, 2016 to Plaintiff.

94. Plaintiff suffered a risk of economic injury due to Defendants' violation of Sections 1692(a)(3),(4),(5) of the FDCPA in connection with its communications to Plaintiff

95. Plaintiff and the class members have a concrete interest in receiving certain information pursuant to the FDCPA

96. Plaintiff and the class members have been accorded a procedural right to protect their concrete interest in receiving certain information pursuant to the FDCPA

97. The deprivation of certain information relating to the FDCPA constitutes a sufficiently distinct injury to Plaintiff and the class.

98. The deprivation of certain information relating to the FDCPA creates a cognizable injury-in-fact to Plaintiff and the class members.

99. By reason thereof, Defendants are liable to Plaintiff for a declaratory judgment that COHN and STRAUSS' conduct violated Sections 1692e(2)(A); 1692e(5); 1692e(10); 1692e(11);

and 1692g(a)(3),(4),(5)  of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the attorneys, Joseph K. Jones, Esq., and Benjamin J. Wolf, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: New York
       May 22, 2107

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.
Jones, Wolf & Kapasi, LLC
One Grand Central Place
60 East 42nd Street, 46th Floor
New York, New York 10165
(646) 459 7971 telephone
(646) 459 7973 facsimile
jkj@legaljones.com

*s/ Benjamin J. Wolf*
Benjamin J. Wolf, Esq.
Jones, Wolf & Kapasi, LLC
Jones, Wolf & Kapasi, LLC
One Grand Central Place
60 East 42nd Street, 46th Floor
New York, New York 10165
(646) 459 7971 telephone
(646) 459 7973 facsimile

bwolf@legaljones.com

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.

# Exhibit

# A

From: **Larry Strauss** <lstrauss@cohnanddussi.com>
Date: Thu, Aug 18, 2016 at 3:07 PM
Subject: Sunrise Senior Living Fleetwood vs Nancy madden and Eleanor Alk Powers of attorneys for Jonathan Alk Bal: $7397.36
To: "nell@nellalk.com" <nell@nellalk.com>

Dear Eleanor and Nancy:

This office has been retained to file suit on the above matter. My Client provided service to Jonathan and they want to be paid. I would like to work this out without the court. Please discuss between yourselves and call me by Thursday August 25th. If I don't hear from someone prior to this date, we shall proceed with the law suit. Thank you.

Larry Strauss
Pre-Litigation Manager
617-921-4697

Cohn & Dussi LLC
500 West Cummings Park Suite 2350
Woburn, Ma 01801
Attorneys-at-Law
lstrauss@cohnanddussi.com

# Exhibit

# B

*New York*
555 Fifth Ave., Ste. 1700
New York, NY 10017
p. (646) 459-7971
f. (646) 459-7973

*New Jersey*
375 Passaic Ave., Ste. 100
Fairfield, NJ 07004
p. (973) 227-5900
f. (973) 244-0019



Joseph K. Jones, Esq.††
Benjamin J. Wolf, Esq.††
Anand A. Kapasi, Esq.†

††Admitted NY, NJ, CT
†Admitted NY, NJ

www.legaljones.com

*Reply to: New York*

August 19, 2016

lstrauss@cohnanddussi.com and First Class Mail

Larry Strauss
Cohn & Dussi, LLC
500 West Cummings Park, Suite 2350
Woburn, MA 01801

      Re: Nancy Madden and Eleanor Alk
         Sunrise Senior Living Fleetwood

Dear Mr. Strauss:

  This firm has been retained to represent the interests of Nancy Madden and Eleanor Alk, relative to the above-referenced matter.

  Pursuant to 15 U.S.C. §1692c(c), you are hereby instructed to immediately *Cease and Desist* all collection efforts and communications with Nancy Madden and Eleanor Alk. Furthermore, Nancy Madden and Eleanor Alk hereby revoke any and all prior authorization or permission, whether given in writing, orally or otherwise, that may have been granted to contact them on their mobile telephones, whether by calling, texting or emailing or to any facsimile device.

  As provided for under 15 U.S.C. §1692g(b), my clients dispute the validity of the alleged debt and demand a verification, a full accounting, and the name and address of the original creditor. Kindly forward all such information to our New York office. Additionally, pursuant to 15 U.S.C. §1692e(8), if Cohn & Dussi, LLC, is reporting credit information concerning this alleged debt, then it is obligated to report it as disputed.

  Your anticipated cooperation in this matter is appreciated.

         Very truly yours,
         Jones, Wolf & Kapasi, LLC

         */s/ Joseph K. Jones*
         Joseph K. Jones
         Attorney at Law

JKJ: dp
cc: Nancy Madden and Eleanor Alk